IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ATTWOOD MICHAEL PALLASH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Civil Action No. 1:17-290 |
|  | ) |  |
| SOCIAL SECURITY ADMINISTRATION, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
|  | ) |  |

AMBROSE, Senior U.S. District Judge

## **MEMORANDUM OPINION AND ORDER OF COURT**

Pending are Defendant's Motion to Dismiss Plaintiff's Complaint and Brief in Support. [ECF Nos. 7, 8]. Plaintiff, who is proceeding *pro se*, failed to respond to Defendant's Motion. After careful consideration, the Motion is granted and this case is dismissed.

Plaintiff commenced this social security action on October 30, 2017, by filing a Motion for Leave to Proceed in forma pauperis. [ECF No. 1]. Plaintiff's Motion was granted on November 1, 2017, and his Complaint was filed on that same date, naming the "Social Security Administration" as the sole Defendant. [ECF Nos. 2, 3]. Plaintiff's handwritten Complaint is difficult to read, but appears to arise from two requests Plaintiff filed in 2017 with the Social Security Administration seeking to receive his social security disability insurance benefits directly, rather than through a representative payee. See ECF No. 3; see also ECF No. 8-1 ¶ 3 (Declaration of Nancy Chung, "Chung Decl.").[1] In or around May, 2017, the Administration informed Plaintiff that he would continue to receive his benefits through the representative payee

---

[1] Nancy Chung is the Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. [ECF No. 8-1]. Chung represents that she is responsible for processing Title II social security claims whenever a civil action is filed in Pennsylvania and that Plaintiff's official file is within her custody. Id. ¶ 3. Chung's Declaration summarizes the procedural history of Plaintiff's administrative claims and attaches copies of pertinent correspondence with Plaintiff regarding the same. Id. ¶ 3 & Exs. 1-3.

1

(MECA, Inc.). Chung Decl. ¶ 3 & Ex. 1. Plaintiff filed a timely request for reconsideration of this determination. Id. ¶ 3(c). In or around June 2017, the Administration informed Plaintiff that, upon reconsideration, it found that its prior decision was correct and that, if Plaintiff disagreed with the determination, he could appeal by filing a request for a hearing before an Administrative Law Judge ("ALJ"). Id. ¶ 3(c) & Ex. 2. There is no indication that Plaintiff ever filed a hearing request. Plaintiff filed his second request to receive benefits directly in or around October 2017. Id. ¶ 3(d). On or about November 6, 2017, the Administration granted Plaintiff's request and notified him that it would begin sending his benefits directly to him. Id. Ex. 3. Five days prior to the date of the November 6 notice, Plaintiff filed the instant Complaint. [ECF Nos. 1, 3]. There is no indication that Plaintiff ever filed an administrative appeal of the November 6, 2017 benefits determination. In his Complaint, Plaintiff appears to allege that the Administration staff mishandled his payment requests causing him distress and exacerbating the symptoms of his various mental health disorders, including, inter alia, bipolar disorder, anxiety disorder, and PTSD. [ECF No. 3]. As a result, he seeks compensatory damages, punitive damages, and costs. Id.

On February 28, 2018, Defendant filed the instant Motion to Dismiss and Supporting Brief arguing that Plaintiff failed to exhaust his administrative remedies under the Social Security Act, and, therefore, that the Court must dismiss his Complaint for lack of subject matter jurisdiction. [ECF Nos. 7, 8]. After careful review, I agree.

It is well-established that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992). Section 405(g) of the Social Security Act authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). The SSA regulations further clarify that a claimant must complete a four-step administrative review process in order to obtain a "final decision" subject to judicial review. See 20 C.F.R. § 404.900. The steps begin with the initial determination, followed by a request for reconsideration, a request for a hearing before an ALJ, and a request for Appeals Council review. Id. § 404.900(a). If, after Appeals Council

review, the claimant is dissatisfied with the Administration's final decision, he may request judicial review by filing a federal district court action. Id. §§ 404.900(a); 404.981. Failure to timely follow the appropriate steps results in the loss of the right to judicial review. Id. § 404.900(b).

Here, there is no indication that Plaintiff exhausted his administrative remedies with respect to either of his requests for direct payment of benefits. To the contrary, the record indicates that Plaintiff filed only a request for reconsideration (step 2) in connection with his first request and that he did not request any review of his second request. Chung Aff. ¶ 3 & Exs. 1-3. Indeed, Plaintiff filed the instant civil action prior to the date of the November 6, 2017 letter granting his second request. Id. Ex. 3 & ECF No. 1. Therefore, to the extent Plaintiff seeks judicial review of either benefits determination of record, his complaint must be dismissed for lack of jurisdiction due to failure to exhaust administrative remedies.

To the extent Plaintiff's Complaint seeks to assert claims other than an appeal of his benefits requests, such claims also fail for lack of subject-matter jurisdiction. As set forth above, although difficult to decipher, the Complaint appears to allege that the Administration staff mishandled his payment requests causing him distress and exacerbating the symptoms of his various mental health disorders. As a result, Plaintiff requests compensatory and punitive damages along with costs. [ECF No. 3.] Under the doctrine of sovereign immunity, however, "the United States may not be sued without its consent and the existence of . . . consent is a prerequisite for jurisdiction." Hines v. SSA, No. 95-1342, 1996 WL 426822, at *3 (D.N.J. Jan 23, 1996) (quoting United States v. Mitchell, 463 U.S. 206, 212 (1983)). A suit against a federal agency such as the SSA is considered a suit against the United States for the purposes of sovereign immunity. Id. Because Plaintiff has sued the SSA, a federal agency, this case is actually a suit against the United States, and sovereign immunity applies. For this reason as well, dismissal for lack of subject matter jurisdiction is proper. See id.; see also Glenn v. Soc. Sec. Admin., 110 F. Supp. 3d 541, 543 (D.N.J. 2015) (dismissing *pro se* complaint for lack of subject matter jurisdiction where the complaint, "even liberally construed," did "not challenge any final

decision of the SSA, and 42 U.S.C. § 405(g) contains no waiver of the SSA's immunity from the discrimination and tort allegations asserted"); <u>Cassell v. Soc. Sec. Admin.</u>, Civil Action No. 16-4851, 2016 WL 4942006, at *2 (E.D. Pa. Sept. 14, 2016), <u>aff'd</u>, 677 F. App'x 98 (3d Cir. 2017); 42 U.S.C. § 405(h).

AND NOW, this 2nd day of October, 2018, for the reasons set forth above, IT IS ORDERED that Defendant's unopposed Motion to Dismiss Plaintiff's Complaint [ECF No. 7] is GRANTED and this case is DISMISSED for lack of subject-matter jurisdiction. This case shall be marked CLOSED forthwith.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose
Senior Judge, U.S. District Court

DATE: October 2, 2018